UNITED STATES of America, Appellee,

v.

James Lawson THOMPSON, Appellant.

UNITED STATES of America, Appellee,

v.

Evelio Antonio BADIA, Appellant.

Nos. 78–5198, 78–5199.

United States Court of Appeals,
Fourth Circuit.

Argued May 10, 1979.

Decided May 25, 1979.

Douglas M. Martin, Charlotte, N. C. (James E. Walker, Walker, Palmer & Miller, P. A., Charlotte, N. C., Don H. Bumgardner, Gastonia, N. C., Robert Dennis Lorance, Harris & Bumgardner, Gastonia, N. C., Martin Blitstein and Mark Perlman, on brief), for appellants.

Phillip G. Kelley, Asst. U. S. Atty., Charlotte, N. C. (Harold M. Edwards, U. S. Atty., Asheville, N. C., on brief), for appellee.

Before WINTER, BUTZNER and PHILLIPS, Circuit Judges.

PER CURIAM:

Evelio Antonio Badia and James Lawson Thompson were convicted of conspiracy to distribute cocaine and marijuana. Because we find no merit in their appeals, we affirm the convictions.

Thompson's defense was that he joined the conspiracy with the sole purpose to gather incriminating evidence on the coconspirators and eventually to supply this evidence to the authorities, although he admits that he participated in some of the earlier activities of the conspiracy before he contacted the police. He assigns as error the district court's jury instructions on this defense, but we find no error. The district court instructed the jury that a person does not have the criminal intent required for conviction if he acts as a police informant or in the honest, good-faith belief that he is a police informant. The district court also gave the jury the standard instruction that a person is not guilty of criminal conspiracy unless he joins the conspiracy with the intent to further its purposes. We believe that these instructions were adequate. We also agree with the district court that the nature of Thompson's defense did not entitle him to a severance from the trial of his codefendants.

Badia assigns as error the district court's refusal to grant a mistrial on

account of an improper comment on his failure to testify, allegedly made by the Assistant United States Attorney during his closing argument to the jury. We have examined the transcript of the closing arguments,* and we find that no such comment was made to the jury.

*AFFIRMED.*

---

* Since counsel's closing arguments were not recorded stenographically, the transcript was prepared from a tape recording. The practice of recording closing arguments solely by electronic means without shorthand or mechanical recording is contrary to the requirement of 28 U.S.C. § 753(b) that the court reporter "shall record verbatim by shorthand or by mechanical means which may be augmented by electronic sound recording . . . (1) all proceedings in criminal cases had in open court . . . .." Fearful that problems with electronic tape recording could prejudice the rights of defendants, Congress specifically intended that such sound recording not be the exclusive method of recording criminal proceedings. *See* S.Rep.No. 618, 89th Cong., 1st Sess. (1965), *reprinted in* [1965] U.S.Code Cong. & Admin.News, p. 2905.

Fortunately, the tape recording of closing arguments in this case was adequate to permit the court reporter to prepare a complete transcript. Since Badia was not prejudiced by the failure to record closing arguments stenographically, the error does not require reversal. We expect, however, that in all cases court reporters will comply strictly with the mandate of § 753(b).